STACEY E. JAMES, Bar No. 185651
sjames@littler.com
BRITTANY L. McCARTHY, Bar No. 285947
blmccarthy@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
Telephone:  619.232.0441
Fax No.:  619.232.4302

Attorneys for Defendant
WILLIS TOWERS WATSON US LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJ LYONS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIS TOWERS WATSON US LLC, a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **'22CV1550 JO   WVG**<br><br>[San Diego Superior Court Case No. 37-2022-00035381-CU-OE-CTL]<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Trial Date: Not Set<br>Complaint Filed: September 2, 2022 |

LITTLER MENDELSON P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF A.J. LYONS, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant WILLIS TOWERS WATSON US, LLC. ("Willis Towers Watson" or "Defendant") hereby remove the state court action described herein, filed by Plaintiff A.J. Lyons ("Plaintiff") in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendants make the following allegations in support of its Notice of Removal:

## I.  STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.  VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.  PLEADINGS, PROCESS, AND ORDERS

3. On September 2, 2022, Plaintiff filed a Complaint against Defendants and various Does in San Diego County Superior Court, captioned *AJ Lyons, an individually and on behalf of all other similarly situated, Plaintiff, vs. Willis Towers Watson US LLC, a Delaware Corporation; and DOES 1-20, inclusive,* designated Case No. 37-2022-00035381-CU-OE-CTL (hereafter, "Complaint"). Declaration of Brittany McCarthy ("McCarthy Decl."), ¶ 2.

LITTLER MENDELSON P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

4. The Complaint asserts the following causes of action: (1) Violation of Labor Code § 2802 and (2) Violation of Labor Code § 2698 *et seq* (Private Attorneys General Act ("PAGA")). The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On September 8, 2022, Willis Towers Watson was served the Complaint, along with copies of the Summons, a Civil Case Cover Sheet, ADR Information, and Notice of Case Assignment and Civil Case Management Conference, through HomeGoods' registered agent for service of process, CT Corporation System.[1] Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the San Diego County Superior Court, the Summons, and Proof of Service through CSC. McCarthy Decl., ¶ 2.

6. Attached hereto as **Exhibit B** are the remaining documents as reflected and downloaded from the San Diego County Superior Court website, including the Civil Case Cover Sheet ADR Information, and Notice of Case Assignment and Civil Case Management Conference, and Proof of Service filed by Plaintiff. McCarthy Decl., ¶ 3.

7. On October 10, 2022, Defendant filed an Answer in the San Diego County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached to the Notice of Removal as **Exhibit C** is a true and correct copy of Defendant's Answer. McCarthy Decl., ¶ 4.

8. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in San Diego County Superior Court. McCarthy Decl., ¶ 5.

### IV. TIMELINESS OF REMOVAL

9. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b);

*Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10. Removal of this action is timely because this Notice of Removal has been filed within thirty days of September 8, 2022, when Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c). Because Plaintiff personally served the Summons and Complaint upon Defendants' agent for service of process on September 8, 2022, the thirty-day period for removal runs through October 10, 2022 by operation of Federal Rule of Civil Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday"). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants and reflected on the San Diego Superior Court's website. (*See* Exhibits A-C.)

## V.   DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

11. This Court has original jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). Pursuant to 28 U.S.C. section 1441(a) and (b), the State Court Action may be removed to this Court by Defendants because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

### A.   Diversity of Citizenship

12. <u>Plaintiff is a Citizen of California</u>. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until the facts adduced establish the contrary"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 529 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile).

13. Plaintiff resides in the State of California. *See* Ex. A, Complaint at ¶ 11 ("Plaintiff AJ Lyons is a resident of La Mesa, California."). Therefore, Plaintiff is a citizen of the State of California.

14. <u>Defendant is a Citizen of Nevada and Georgia</u>. For diversity purposes, a limited liability company is deemed to be a citizen of every state of which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("An LLC is a citizen of every state of which its owners/members are citizens.").

15. Defendant is a limited liability company organized under the laws of the State of Delaware. At the time Plaintiff commenced this action and at the time of removal, Defendant had two members, neither of whom are citizens of California. Accordingly, for purposes of diversity jurisdiction, Willis Towers Watson is a citizen of Nevada and Georgia.

16. In addition, Willis Towers Watson was, at the time of the filing of this action, and still is, organized under the laws of the State of Delaware with its principal place of business or "nerve center" in New York City, New York. Accordingly, Willis Towers Watson is not a citizen of California. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'never center' will typically be found at the corporation's headquarters."); *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

17. The Complaint also names as defendants "DOES 1-20, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued

LITTLER MENDELSON P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

18.     No other party has been named or served as of the date of this removal. Because Defendant is not a citizen of the State of California, there is complete diversity among the parties.

### B.     The Amount In Controversy Is Met

19.     The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, Defendants only need to show by a preponderance of the evidence (that it is more probably than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

20.     In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.")

21. Here, as set more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

22. **Business Expenses.** Plaintiff alleges that since working from home, "they have incurred internet and utility bills (including electrical)…" and seeks compensation retroactively to March 2020. (Complaint, ¶¶ 20-25.) Plaintiff also alleges she spent an unspecified amount on home office furniture, ethernet cables, and "faster internet". (Complaint, ¶ 21-24.) Plaintiff alleges these actions constitute a violation of Labor Code section 2802. (Complaint, ¶¶ 26-30.) Plaintiff seeks damages, interest, and attorneys' fees and costs. (*Id.* at ¶57.)

23. Assuming, Plaintiff is owed $25/month for 32 months (March 2020-October 2022) totals $800 for electric and utility expenses. Plaintiff does not allege the amount spent on "office furniture" including a desk, desk chair, laptop stand, and ethernet cables. The costs for these items can vary greatly, but using the Staples website costs were as follows:

      a. Desk: $69.99 – 599.99
      b. Desk chair: $76.99 – 399.99
      c. Laptop stand: $30.49-59.99
      d. Ethernet cables: $9.99-24.99

Given these costs, a reasonable estimate of Plaintiff's individual claim for expenses is at least and additional $250.00.

---

[2] The alleged damages calculations contained herein are based upon the allegations in the Complaint, and are for purposes of removal only. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever. Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

24. **PAGA Penalties.** In addition, Plaintiff alleges violation of the Labor Code under PAGA. Plaintiff's share of such penalties and the additional for approximately 64 pay periods (assuming bi-monthly pay and 32 months since March of 2020). Using a $100/per pay period penalty, this adds an addition $6,400 to the amount in controversy related to Plaintiff's claim.

25. **Attorneys' Fees.** Plaintiff also seeks attorneys' fees (*see* Compl., ¶¶ 57, 64; Prayer for Relief, ¶ G) which are included in the amount in controversy since the California Labor Code allows recovery of such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000).

26. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *See Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (attorneys' fees necessarily accrue until an action is resolved; thus district courts will project fees beyond removal). "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, No. 14-285, 2014 U.S. Dist. LEXIS 76351, *14 (C.D. Cal. May 30, 2014). The Ninth Circuit held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation).

27. In *Stoddart v. Express Servs.*, No. 212CV01054KJMCKD, 2021 WL 5761083 (E.D. Cal. Dec. 3, 2021), Graham Hollis APC Plaintiff's counsel in the instant case) petitioned the United States District Court, Eastern District of California to approve attorneys' fees rates ranging from $400 per hour for an "Associate" admitted for five years to $850 per hour for a "Shareholder" admitted for 35 years. *Id*. at *5. The Court reduced the Associate's hourly rate from $400 per hour to $300 per hour, and applied a $695 rate for attorneys with thirty years of experience. *Id*. at **5-6. Similarly, in *Andrew Potter v. Big Text Trailer Mfg., Inc., et al. Additional Party Names: Big Tex Trailer World, Inc.*, No. EDCV181678PSGKKX, 2020 WL 1942619, at *9 (C.D. Cal. Mar. 2, 2020), plaintiff's counsel petitioned the United States District Court, Central District of California to approve attorneys' fees rates ranging from $370 per hour for an "Associate" to $840 per hour for a "Partner." *Id*. at ** 8-9. The Court re-calculated the lodestar by applying an adjusted rate of $750 instead of the requested $840 for the "Partner," and maintaining the $370 rate for the "Associate" with the lowest billing rate. *Id*. at *9.

28. At an assumed rate of $500 per hour (a conservative, blended rate), Plaintiff's counsel would need to spend only 150 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorneys' fees (150 x $500 = $75,000). Moreover, attorneys' fees awards in employment matters often exceed $75,000, and give that Plaintiff alleges this case as a class and PAGA action, attorneys' fees associated with certification motions, and representative claims and increase the amount of attorney time necessary to work up the case and cannot be divided from Plaintiff's individual claim, and will easily exceed the requisite hours and threshold.

29. Attorneys' fees awards can be significant in wage and hour cases. *See, e.g., Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *3 (N.D. Cal. April 15, 2010) (denying plaintiff's motion to remand by finding that the anticipated attorneys' fees were sufficient to exceed the $75,000 threshold where plaintiff's wage and hour

claims totaled only $38,747); *see also Martin v. The Old Turner Inn,* 2003 WL 22416020 (Cal.Sup.2003) (awarding $147,610 in attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered $49,508 in compensatory and punitive damages); *Bandoy v. Huh,* 1996 WL 675978 (Cal.Sup.1996) (awarding $73,680 in attorneys fees in a wage-and-hour employee misclassification case in which the plaintiff recovered in excess of $200,000 in unpaid wages).

30. Thus, an attorneys' fees award in this case could easily exceed **$75,000**.

31. **Other Relief.** Plaintiffs also seek "Any and all other applicable civil penalties, as provided by law" and for "other and further relief as this Court deems just and proper." (Complaint, Prayer for Relief, ¶ H, I.) Although uncertain in amount, these unspecified damages increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim in excess of $75,000).

32. Accordingly, Defendant has carried the burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum, as attorneys' fees alone are more likely than not to meet the jurisdictional minimum.

## VI. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

33. Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d). (McCarthy Decl., ¶ 6.)

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove this action from the Superior Court of the State of California, County of

San Diego, to the United States District Court for the Southern District of California.

Dated: October 10, 2022

LITTLER MENDELSON P.C.

/s/ *Brittany McCarthy*
Stacey E. James
Brittany L. McCarthy

Attorneys for WILLIS TOWERS WATSON US LLC

LITTLER MENDELSON P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100